## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL B. FOSTER, | § | |
| #BF9137, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-237-K-BK |
| | § | |
| IRS, DALLAS TX, | § | |
| DEFENDANT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I. BACKGROUND

On January 6, 2025, Plaintiff Michael B. Foster, a California state prisoner, filed a *Summons* against the Internal Revenue Service (IRS) in Dallas, Texas. Doc. 3. He later filed an unsigned reply stating that he that he feared his $600 and $1,200 stimulus payments (or Economic Impact Payments ("EIPs"))[1] were not sent to him directly to his prison address where he had received the $1,400 EIP. Doc. 4. Foster states that he is afraid there is "fraud goin [sic]

---

[1] The Economic Impact Payments ("EIPs") were issued under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020).

on with my name and social or it is deliberately not being sent to me going on a few years now."
Doc. 4.

In response to the Court's deficiency order, Foster filed an amended complaint (the operative pleading). Doc. 7. He asserts that he did not receive the $600 and $1,200 EIPs, and that the IRS has not investigated the matter for nearly three years. Doc. 7 at 4. Foster alleges additional investigation is needed because he has been incarcerated for about seven years and has "not received" either payment. Doc. 7 at 4. Foster also states that he "summoned [the IRS]" and "[t]hen placed [a] notice of demand." Doc. 7 at 3-4. As relief, Foster requests the Court to "investigate" and award $100,000 in damages "for the ongoing frivolousness." Doc. 7 at 4.

The Court issued a magistrate judge's questionnaire to allow Foster an opportunity to expound on the factual allegations in the complaint. Doc. 13. When asked whether Foster had filed an administrative claim with the IRS, he checked the "yes" box but stated that he cannot remember. Doc. 13 at 2-4. He also referenced his correspondence with the IRS, which he provided *after* the Court issued the questionnaire. Doc. 13 at 2-4; Doc. 14 (correspondence with IRS). Foster also stated that the IRS "surely has it [the requested information] in their file." Doc. 13 at 2 (answer to question 5). *see also* Doc. 13 at 3-4 (again referencing his IRS file).

A review of this correspondence confirms the IRS notified Foster three times that his EIPs were issued by direct deposit to the bank account listed on his 2019 return and that they were not returned to his tax account. Doc. 14 at 4, 11, 17 (letters from the IRS dated Apr. 29 and Oct. 25, 2022, and July 19, 2023). On January 22, 2024, the IRS "referred [Foster's] inquiry to the Bureau of Fiscal Services (BFS) for further research." Doc. 14 at 19.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Sovereign immunity is a jurisdictional matter. *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014). The plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, the Court lacks jurisdiction over this action.

Under the doctrine of sovereign immunity, the United States government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (cleaned up and citations omitted)). The sovereign immunity of the United States extends to its agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields

the Federal Government and its agencies from suit.").  Further, a *Bivens* cause of action may not be brought against a federal agency.[2]  *Meyer*, 510 U.S. at 486.

Under 28 U.S.C. § 1346(a)(1), the United States consents to be sued in the district court for a tax refund.  Before suing, however, a taxpayer must exhaust his administrative remedies by filing a claim for a refund with the IRS.  *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7-8 (2008); 26 U.S.C. § 7422(a).[3]  "To overcome sovereign immunity in a tax refund action, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code."  *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010) (citations omitted).

Even when liberally construed, Foster's pleadings do not plead a basis for suing the IRS. Foster complains about the IRS supposed failure to investigate.  Doc. 7 at 4.  He repeats at length that he has been incarcerated for about seven years (since at least April 2018) and has "not received" two of his EIPs at his prison address.  Doc. 7 at 4; Doc. 13 at 1.  Because "[s]overeign immunity is jurisdictional in nature," *Meyer*, 510 U.S. at 475, Foster, as the plaintiff, has the burden to show an "unequivocal waiver of sovereign immunity."  *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).  Foster's bare allegations, however, do not identify a waiver of sovereign immunity and the Court has found none.  Thus, subject matter jurisdiction over his claims is lacking.

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

[3] Section 7422(a) states as follows:  "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."  26 U.S.C. § 7422(a).

Further, if Foster seeks a tax refund, he does not allege that he filed an administrative claim as required by § 7422(a) of the Internal Revenue Code. Foster only mailed written inquiries to the IRS and a "notice of demand." Doc. 13 at 3-4; Doc. 7 at 3-4. Because Foster has not exhausted his administrative remedies, the Court lacks jurisdiction over any request by him for a tax refund. *See Duffie*, 600 F.3d at 384 ("A taxpayer's failure to file a timely refund claim with the IRS deprives the district court of subject-matter jurisdiction."); *Kossie v. Yellen*, No. 3:21-CV-3119-S-BK, 2022 WL 1117447, at *1-2 (N.D. Tex. Mar. 4, 2022), *rec. adopted*, No. 3:21-CV-3119-S-BK, 2022 WL 1117200 (N.D. Tex. Apr. 14, 2022) (collecting cases and dismissing for lack of jurisdiction request for EIP where the prisoner plaintiff failed to file an administrative claim under § 7422(a)).

Lastly, to the extent that Foster asks this Court to investigate his missing EIPs, the Court plainly lacks jurisdiction to do so. The authority to investigate lies within the Executive Branch, not the Court. Accordingly, Foster's complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged in Foster's complaint establish a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on April 17, 2025.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).